```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

QING GU, et al., on behalf of
themselves and all others similarly
situated,
                                                ORDER
                      Plaintiffs,
                                                CV 2013-2322 (SJ)(MDG)
          - against -

T.C. CHIKURIN, INC., et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - -X
```

GO, United States Magistrate Judge:

Plaintiffs Qing Gu, Jun Chen, Hong Dao Huang, Gui Bao Guo,[1] Zhi Qiang Zhang, Young Xin Yang and Jian He Xu bring this action against defendants T.C. Chikurin Inc., Chikurin Sake LLC, Chikurin 236 LLC, HC Chikurin Inc., Fortune Chikurin Inc., Adam Chikurin Inc., Queens Chikurin Inc. and related stores d/b/a Chikurin or Sake, Gee Wei Chin and Gee On Chin asserting claims under federal and state law for unpaid overtime wages, minimum wages and penalties and interest. Seeking to bring a collective action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., plaintiffs allege that they and other similarly situated employees have been denied minimum wages and overtime compensation as required by the FLSA. Framing their

---

[1] Plaintiffs submitted the declaration of Guo Gui Bao. See ct. doc. 16-3. I deem the complaint and caption amended to reflect plaintiff's correct name.

motion as a motion for "conditional certification" under the FLSA,[2] plaintiffs move to compel defendants to provide contact information of their current and former employees and for permission to notify these employees of the pendency of this action.

For the reasons set forth below, plaintiffs' motion for leave to send a collective action notice[3] is denied without prejudice and the motion to compel is granted in part.

## BACKGROUND

In their Complaint ("Compl."), plaintiffs allege that they were employed by defendants as restaurant deliverymen and assisted with food preparation in the kitchen.  See Compl. at ¶ 44.  The defendants own and operate a chain of at least ten Japanese restaurants in Brooklyn and Queens.  See id. at ¶ 35.  All but two of the restaurants operate under the name Japanese Chikurin; the Coney Island location operated under the name Sake (Chikurin

---

[2] As the Second Circuit noted in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010), although "courts speak of 'certifying' a FLSA collective action, ... the 'certification' ... is only the district court's exercise of the discretionary power, upheld in Hoffmann-LaRoche, to facilitate the sending of notice to potential class members.  Section 216(b) does not by its terms require any such device . . ." Id. at 555 n. 10.  The "certification" sought is simply a "useful 'case management' tool for district courts to employ in 'appropriate cases'" and not necessary for the maintenance of a FLSA collective action.  Id. (citing Hoffmann-LaRoche, 493 U.S. at 169).

[3] Because a motion for a collective action notice is separate and distinct from a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, Myers, 624 F.3d at 555-56, the motion is a pretrial matter within this Court's pretrial reference authority.  See 28 U.S.C. § 636(b)(1)(A) (excepting class certification motions as a pretrial matter within a magistrate judge's authority).

Branch) and the Rego Park location operated under the name Sake Sushi Japanese Cuisine.  See id. at ¶ 36.

Plaintiff Qing Gu worked 72 hours per week at the Coney Island location from approximately June 15, 2011 through September 15, 2012.  See id. at ¶¶ 37, 49(a); Gu Decl. (ct. doc. 16-1) at ¶¶ 2, 6.  Jun Chen worked 74 hours at the Coney Island location from August 1, 2010 through September 15, 2012.  See Compl. at ¶¶ 38, 49(b); Chen Decl. (ct. doc. 16-2) at ¶¶ 2, 6.  Guo Gui Bao worked 72 hours per week at the restaurants located on Quentin Road, Ocean Avenue, 86th Street, Coney Island and 1702 Avenue Z, depending on the defendants' needs, from approximately August 21, 2006 through August 19, 2012.  See Compl. at ¶ 39, 49(d); Bao Decl. (ct. doc. 16-3) at ¶¶ 2, 7.  At each of the restaurants for which Mr. Bao worked, "the employment arrangements were the same in terms of pay and scheduling."  Bao Decl. at ¶ 4.  Hong Dao Huang worked 72 hours per week at the location on Quentin Road since approximately June 1, 2007 until August 31, 2011 and 60 hours per week thereafter.  See Compl. at ¶¶ 40, 49(c).  Jian He Xu worked 72 hours per week at the Coney Island location from approximately February 10, 2008 through the beginning of 2009 and at the Quentin Road location thereafter with his hours reduced to 60 hours per week from approximately July 1, 2011 through September 21, 2012.  See id. at ¶¶ 41, 49(g); Xu Decl. (ct. doc. 16-4) at ¶¶ 2, 8.[4]  Mr. Xu states

---

[4] The allegations in the complaint conflict with Mr. Xu's declaration as to when he was transferred to the Quentin Road facility.  For purposes of this motion, I credit the statements in Mr. Xu's declaration.

that "the employment arrangements were the same in terms of pay and scheduling" at both restaurants at which he worked. Xu Decl. at ¶ 3. Yong Xin Yang has worked 70 hours per week at the Ocean Avenue location since approximately April 1, 2011. See Compl. at ¶¶ 42, 49(f). Zhi Qiang Zhang worked 74 hours per week at the 1702 Avenue Z location from approximately April 1, 2006 until November 30, 2006 and at the Coney Island location from approximately August 1, 2010 through September 15, 2012. See id. at ¶¶ 43, 49(e).

Plaintiffs were all paid in cash at the rate of $50 per day except that Zhi Qiang Zhang was paid $1,800 per month in 2006 and Gui Bao Guo was paid $2,000 per month throughout his employment. See id. at ¶ 50.

Plaintiffs seek an order permitting them to send notice to all current and former non-managerial restaurant staff employed by defendants who worked for any of defendants' locations at any time after August 19, 2010. Four of the plaintiffs submitted declarations in support of this motion. The declarations submitted by the plaintiffs are identical in many respects, including that each plaintiff was paid the same amount of money regardless of the number of hours worked, received payments in cash and did not receive a record of his pay. Each plaintiff also stated he received tips from deliveries but defendants never discussed a "tip credit." In addition, each plaintiff states in his declaration that he spoke to other employees and he "found out that they were paid weekly salaries that were less than the minimum and that they did not receive extra pay for working overtime or for working more

than 10 hours in a day."  See Gu Decl. at ¶ 15; Jun Decl. at ¶ 15; Bao Decl. at ¶ 16; Xu Decl. at ¶ 17.  However, none of the affidavits identify by name any of the co-workers who the plaintiffs spoke with nor describe the job titles, duties or restaurant locations of those employees.

In opposition, defendants argue that plaintiffs' allegations are too conclusory to carry their burden.  Defendants further argue that if the court authorizes plaintiffs to send notice, notice should be limited to employees who worked at the Coney Island location.  In support of their opposition, defendants submit the declaration of Gee Wai Chan, a partial owner of the corporate defendants and manager of the 1702 Avenue Z location.  See Chan Decl. (ct. doc. 19-1) at ¶ 2.  Mr. Chan states that the corporate defendants are separate corporate entities, albeit with overlapping ownership structures.  See id. at ¶ 3.  Furthermore, each restaurant is under the control of a different manager and the policies, practices and procedures of each restaurant are varied. See id. at ¶ 5.  Finally, Mr. Chan states that plaintiff Guo Gui Bao was a manager of the delivery staff at the Coney Island location and did not work at any other location.  See id. at ¶¶ 6, 7.

## DISCUSSION

Section 216(b) of the FLSA provides that employees may proceed collectively against an employer:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any

-5-

>     such action unless he gives his consent in writing to
>     become such a party and such consent is filed in the
>     court in which such action is brought.

29 U.S.C. § 216(b). In determining whether to authorize the sending of notice to potential plaintiffs of the pendency of a collective action brought pursuant to section 216(b) of the FLSA, courts should engage in a two-step inquiry. See Myers, 624 F.3d at 554-55; Morales v. Plantworks, Inc., No. 05 CIV. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006). First, courts should make an initial determination whether there are "potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers, 624 F.3d at 554 (citations omitted); see Ahmed v. T.J. Maxx Corp., No. CV 10-3609, 2013 WL 2649544, at *7 (E.D.N.Y. June 8, 2013). After discovery has been completed, courts should engage in a second and more heightened stage of scrutiny to determine whether the case should proceed to trial as a collective action or the class should be decertified. See Myers, 624 F.3d at 555; Greene v. C.B. Holding Corp., No. 10-CV-1094, 2010 WL 3516566, at *2-*3 (E.D.N.Y. Aug. 12, 2010); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010).

At this initial stage, "the court will look at the pleadings and affidavits" to analyze whether plaintiff and putative class members are similarly situated. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007); Flores v. Osaka Health SPA, Inc., No. 05 CIV. 962, 2006 WL 695675, at *2 (S.D.N.Y. Mar. 16, 2006); Morales, 2006 WL 278154, at *1. If the "plaintiffs make a 'modest factual showing' that they and potential opt-in

-6-

plaintiffs 'together were victims of a common plan or policy that violated the law,'" the court may authorize that notice be sent. Myers, 624 F.3d at 555 (citation omitted). However, the "modest factual showing" that plaintiff must make at the conditional certification stage "cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. (internal citations omitted). Although plaintiffs' burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations. See Flores, 2006 WL 695675, at *3; Morales, 2006 WL 278154, at *3; Levinson v. Primedia Inc., No. 02 CIV. 2222, 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003).

Plaintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation. Plaintiffs fail to provide any factual detail about the other employees, such as names of fellow employees whom they observed or with whom and when they had conversations about not receiving minimum wage or overtime compensation. Nor do they identify the job titles or duties performed by their fellow employees. The plaintiffs who worked at more than one location did not specify to which location their observations pertained. They did not state whether these other employees also received tips and whether they were advised of a "tip credit." Plaintiffs have not provided a factual basis for the court to consider whether the employees plaintiffs refer to are similarly situated to them.

Courts in this Circuit have commonly authorized the sending of collective action notices where plaintiff includes some probative information regarding similarly situated employees such as their names, their duties and their hours worked or where plaintiff provides affidavits from such employees setting forth the pertinent facts. See, e.g., Hanchard-James v. Brookdale Family Care Ctrs., No. 12 CIV. 1922, 2012 WL 328810, at *3 (E.D.N.Y. Aug. 9, 2012); Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012) (plaintiffs identified co-workers who told them that they were not paid overtime); Wraga v. Marble Lite, Inc., No. 05-CV-5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (plaintiff demonstrated knowledge of conversations with other employees and conversations between employees and defendant in which they complained that they were not paid properly); Patton v. Thomson Corp., 363 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) (plaintiff stated that the potential plaintiffs had her same job duties and were paid in the same manner as plaintiff).

However, where plaintiffs fail to provide specific factual allegations, courts routinely deny leave to send a collective action notice. See, e.g., Zheng v. Good Fortune Supermarket Group (USA), Inc., No. 13-CV-60, 2013 WL 5132023, at *5-*6 (E.D.N.Y. Sept. 12, 2013) (denying collective action notice where plaintiff failed to identify a single employee); Khan v. Airport Mgt. Servs., LLC, No. 10 CIV. 7735, 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011) (noting that plaintiff "claims to have personal knowledge that 'defendants hired at least 40 . . . similar [employees],' but he does not identify these 40 workers by name or specify the source

for this claim"); Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 510-11 (S.D.N.Y. 2010) (adopting recommendation that allegations are "too conclusory to establish the requisite factual nexus"); Mendoza v. Casa de Cambio Delgado, Inc., No. 07 CV 2579, 2008 WL 938584, at *2 (E.D.N.Y. Apr. 7, 2008) ("virtually identical affidavits" fail to show factual nexus with similarly situated employees); Prizmic v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006) (plaintiff did not submit any evidence or "identif[y] a single potential plaintiff").  The absence of factual support regarding similarly situated potential plaintiffs is particularly relevant when plaintiff has had the benefit of some discovery.  See, e.g., Romero v. H.B. Automotive Group, Inc., No. 11 CIV. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012); Khan, 2011 WL 55597371, at *4; Prizmic, 2006 WL 1662614, at *3.

Besides failing to submit sufficient specific factual information to meet their modest burden to show that plaintiffs and other potential plaintiffs were victims of an unlawful common policy or plan, plaintiffs seek to define an overly broad class -- stating that the collective includes all restaurant employees. Absent further explanation or information from plaintiffs, this Court cannot find that all of these employees are similarly situated to plaintiffs.  Similarly, plaintiff's proposed notice does not include any description of the job duties of the relevant collective.  Courts ordinarily will allow notice of a fairly broad class of employees at this stage.  See, e.g., Hanchard-James, 2012 WL 3288810, at *3-*4 (all current and former employees of defendant

who worked in the same position as plaintiff included); <u>Iglesias-Mendoza</u>, 239 F.R.D. at 368 (declining to limit class to employees with the same specific job duties as plaintiff).  However, "[w]here the named plaintiff is unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action certification is warranted."  <u>Flores</u>, 2006 WL 695675, at *3; <u>see</u> <u>also</u> <u>Prizmic</u>, 2006 WL 1662614, at *3.

In addition, plaintiffs fail to show why notice should be sent to employees of five restaurants for which plaintiffs provide no information other than to allege generally that the restaurants are operated as chain restaurants under common names.  While all the plaintiffs identify Gee Wei Chin and Gee On Chin as their bosses at the five restaurants where they worked, the plaintiffs do not state that these two individuals had any role in the management or operation of the five other restaurants or that any of the restaurants had a common policy or practice.  <u>See</u> <u>Hamadou v. Hess Corp.</u>, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013).

For the foregoing reasons, plaintiff's motion for leave to send a collective action notice is denied without prejudice to renewal in the future.  <u>See</u> <u>Myers</u>, 624 F.3d at 557-58 (noting that motions to facilitate opt-in notices may be renewed after a denial and that "a district court may continually evaluate, as the case progresses, whether such notice should be provided, whether an existing class should be modified, or whether the action should be 'de-certified'").  In the interest of efficiency, the Court encourages plaintiffs, if they file a future motion, to confer with

-10-

defendants in a good faith attempt to resolve disputes over a revised proposed Notice. Also, the parties should confer as to whether some of the issues are best addressed after a collective action notice is sent -- in "the second phase" of the collective action. See <u>Salomon v. Adderley Indus., Inc.</u>, 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012); <u>Sobczak v. AWL Indus., Inc.</u>, 540 F. Supp. 2d 354, 363-64 (E.D.N.Y. 2007) (describing defendants' argument that the need for individualized inquiry should defeat conditional certification as "putting the cart before the horse").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for authorization to send notice of the pendency of a collective action is denied without prejudice to renewal. Plaintiffs' motion to compel disclosure of the names and addresses of other employees of defendants is granted, but the extent of the discovery to be permitted will be discussed at the conference scheduled for April 25, 2014 at 11:00 a.m.

**SO ORDERED.**

Dated:      Brooklyn, New York
            April 17, 2014

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE